UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MERRYMAN, et al.,

    Plaintiffs,

vs.                                            Case No. 3:24-cv-658-MMH-SJH

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiffs initiated this action on July 1, 2024, with the filing of a form Complaint for Violation of Civil Rights (Doc. 1).  On July 22, 2024, Plaintiffs filed an amended Complaint for Violation of Civil Rights (Doc. 6; Amended Complaint) naming fifty-eight Defendants.  Upon independent review, the Court finds that the Amended Complaint is improperly drafted and due to be stricken.  In the analysis that follows, the Court will discuss the problems with the Amended Complaint as currently drafted and provide Plaintiffs with the opportunity to file a second amended complaint.  Plaintiffs should carefully review this Order and consider using the resources available for pro se litigants, cited below, before filing a second amended complaint.  Failure to comply with the pleading requirements

set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1]  The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). However, despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of state courthouses.

In citing to Riley, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v.

Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In Weiland, the Eleventh Circuit identified four types of shotgun pleadings. See Weiland, 792 F.3d at 1321–23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at

1322–23 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)). Another form of shotgun pleading is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. In addition, complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," are also characterized as impermissible shotgun pleadings. Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiffs' Amended Complaint violates several of the foregoing principles. Plaintiffs fail to use numbered paragraphs as required by Rule 10 and instead present their claims in narrative form. This is improper. In

addition, Plaintiffs adopt a shotgun manner of pleading in that they fail to separate each cause of action or claim for relief into a different count. For example, "Claim 1" is titled "Violation of Right to Petition and Due Process by SJRWMD" and appears to include claims premised on the right to petition under the First Amendment, procedural due process rights under the Fourteenth Amendment, a conspiracy to deprive Plaintiffs of those rights, as well as "deprivation of [Plaintiffs'] right to honest services, and more." See Amended Complaint at 35. Similarly, in "Claim 2," Plaintiffs appear to group together several causes of action premised on distinct constitutional and statutory violations. See id. at 38-39 (listing purported violations of the First Amendment, Fourteenth Amendment, and "Federal Environmental Statutes"). This practice continues throughout the Amended Complaint.

Moreover, while Plaintiffs do make some effort to broadly identify which claims are against which Defendants and how each Defendant is generally responsible, the Amended Complaint is nevertheless replete with vague and conclusory allegations making it difficult to discern the precise claim being asserted and the factual basis for each claim as to each Defendant. Compounding the problem, Plaintiffs conclude the Amended Complaint with a lengthy list of the relief they seek, including extensive injunctive and declaratory relief. But these demands for relief are largely untethered to any particular Defendant or cause of action. As such, it is entirely unclear which

claims allegedly give rise to Plaintiffs' right to the myriad forms of relief they seek.

For all of the foregoing reasons, the Court will strike Plaintiffs' Amended Complaint as an impermissible shotgun pleading and direct Plaintiffs to file a second amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In repleading, Plaintiffs must use numbered paragraphs to assert their allegations, "each limited as far as practicable to a single set of circumstances." See Rule 10(b). Pursuant to Rules 8(a)(2) and 10(b), in the second amended complaint Plaintiffs shall set forth separate causes of action in numbered counts against specific defendants and which present "a short and plain statement" of Plaintiffs' claims demonstrating that Plaintiffs are entitled to relief. See Rules 8(a)(2), 10(b). Plaintiffs must avoid the shotgun pleading deficiencies set forth above and describe in sufficient detail the factual basis for each of their claims, how each Defendant is responsible, and the relief they seek.

Because the Court is ordering Plaintiffs to replead, the Court will deny the pending motions to dismiss as moot and set a new briefing schedule. The Court also will deny Plaintiffs' recently filed Motion for Preliminary Injunction (Doc. 39) without prejudice to refiling, if warranted, after submission of a properly drafted complaint. In drafting the second amended complaint,

- 7 -

Plaintiffs should carefully review this Order as well as the arguments raised in the motions to dismiss. Further opportunities to amend are unlikely and failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

Prior to filing the second amended complaint, the Court encourages Plaintiffs to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiffs may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Finally, the Court notes that although the caption of the Amended Complaint lists both William and Ashley Merryman as Plaintiffs, only William Merryman has signed the pleadings and other filings in this case. Pursuant to Rule 11, "[e]very pleading, written motion, and other paper must be signed . . .

---

[2] If Plaintiffs choose to continue to proceed without the assistance of an attorney, the Court recommends that they visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiffs do not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

by a party personally if the party is unrepresented."  As such, if Ashley Merryman intends to proceed as a plaintiff in this action, she must sign the second amended complaint, and any subsequent motions or filings, on her own behalf.  Indeed, William Merryman, as a pro se litigant, is not permitted to represent Ashely Merryman's interests in this lawsuit.  See Timson v. Sampson, 518 F.3d 870, 873–74 (11th Cir. 2008) (explaining that the "'established procedure . . . requires that only one licensed to practice law may conduct proceedings in court for anyone other than [her]self'" (internal quotation omitted)); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (affirming denial of class certification because a pro se litigant cannot bring an action on behalf of others similarly situated); Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others.").

In accordance with the foregoing, it is

**ORDERED**:

1. The amended Complaint for Violation of Civil Rights (Doc. 6) is **STRICKEN**.

2. Plaintiffs may file a second amended complaint consistent with the directives of this Order on or before **November 19, 2024**.  Failure to do so may result in a dismissal of this action.

3. The pending motions to dismiss (Docs. 18, 19, 20) are **DENIED without prejudice as moot**.

4. Plaintiffs' Motion for Preliminary Injunction (Doc. 39) is **DENIED without prejudice**.

5. Defendants shall respond to the second amended complaint on or before **December 10, 2024**.

6. If Defendants file any motions pursuant to Rule 12, Plaintiffs shall have up to and including **January 7, 2025,** to respond to those motions**.**

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties