UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO. 3:24-cv-00658-MMH-SJH

WILLIAM AND ASHLEY MERRYMAN,

Plaintiffs,

v.

ST JOHNS RIVER WATER MANAGEMENT DISTRICT, *et al.*,

Defendants.
_________________________________/

**FLORIDA BAR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants The Florida Bar[1], Teresa Goodson, Esq., Shanell Schuyler, Esq., Francisco Digon-Greer, Esq., and Elizabeth Tarbert, Esq. ("the Florida Bar Defendants") move to dismiss Plaintiffs' Second Amended Complaint (ECF 41) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Plaintiffs' claims against the Florida Bar Defendants are barred by the doctrine of absolute immunity from liability in the performance of the Bar's disciplinary

---

[1] Misnamed as "Florida BAR Association" in the Second Amended Complaint.

responsibilities, and Plaintiffs have no standing to second-guess the Bar's conduct of attorney disciplinary matters.

## INTRODUCTION

The Florida Bar, acting as an arm and agent of the Florida Supreme Court, regulates the practice of law in Florida. The Florida Bar consequently has the duty and the authority to enforce the rules of professional conduct and to prosecute persons practicing within the State of Florida who violate such rules, subject to the disciplinary authority of the Florida Supreme Court.

Plaintiffs bring section 1983 claims alleging violation of

> United States Constitution: 1st Amendment, 5th, and 14th Amendment.
> 18 U.S.C. 241 and 242
> 18 U.S.C. §§ 1341, 1343, and 1346, 1343
> Article IV Section 4 of the United States Constitution PLEASE SEE ATTACHED

Second Amended Complaint at 3. In the referenced attached material, the Amended Complaint makes clear that the "color of law" asserted in support of Plaintiffs' section 1983 claims relate exclusively to "Regulation of Lawyers":

> **Florida Bar Association**
>
> **Statutory Authority**: Florida Constitution, Article V, Section 15 (Regulation of Lawyers)
>
> - **Teresa Goodson, Esq.**: Verified as Legal Counsel
>     - **Authorized under**: Florida Supreme Court rules.
> - **Shanell M. Schuyler, Esq.**: Verified as Legal Counsel
>     - **Authorized under**: Florida Supreme Court rules.
> - **Francisco J. Digon-Greer, Esq.**: Verified as Legal Counsel
>     - **Authorized under**: Florida Supreme Court rules.
> - **Elizabeth Tarbert: Director Lawyer Regulations Division, Fla. Bar**
>     - **Authorized under:** Florida Supreme Court rules.

Second Amended Complaint at 31. And "Claim 4: PROSPECTIVE RELIEF AND DAMAGES FOR CONSPIRACY TO CONCEAL ATTORNEY AND SUPREME COURT CLERK MISCONDUCT" (at page 154 of the Second Amended Complaint) and its "COUNT I" (beginning at page 159) (the only claim brought against the Florida Bar Defendants) shows the Florida Bar Defendants are sued in connection with their work for the Bar. Plaintiffs complain that they filed complaints about attorneys, and that the Bar "failed to investigate the allegations thoroughly" (Plaintiffs also allege "No outreach was made" although they recite numerous items of back-and-forth correspondence):

> 214. Factual Allegations
>
> a. Plaintiffs submitted formal complaints to the Florida Bar alleging violations of the Rules Regulating The Florida Bar by multiple attorneys, including John A. Tomasino, Maricruz R. Fincher, and others, as detailed in their five-page complaints and substantiated with Supreme Court documents.
>
> b. No outreach was made by any of the defendants for interview, clarification, or additional evidence before dismissing the complaints.
>
> c. Bar officials, including Shannell M. Schuyler, Francisco J. Digon-Greer, and Elizabeth Tarbert, failed to investigate the allegations thoroughly, dismissing them without forwarding the matters for appropriate grievance review or conducting independent fact-finding.

Second Amended Complaint at 160. And finally, in the "Relief Requested," Plaintiffs confirm they seek to interfere in the Bar's investigation of Plaintiffs' complaints attorneys:

> 216. Relief Requested
>
> a. Declaratory Judgment: Declare that the actions of the Florida Bar and its officials violated Plaintiffs' due process rights under the Fourteenth Amendment.
>
> b. Injunctive Relief: Enjoin the Florida Bar and its officials from summarily dismissing complaints of attorney misconduct containing viable evidence without forwarding them for independent investigation and review.
>
> c. Require the Florida Bar to implement procedural safeguards to ensure meaningful grievance review.

Second Amended Complaint at 162-63. Plaintiffs also seek compensatory and punitive damages. Second Amended Complaint at 163.

Because the Florida Bar Defendants are entitled to absolute immunity from Plaintiffs' second-guessing regarding the investigation of Plaintiffs' complaints about attorneys, the Second Amended Complaint cannot state claims and must be dismissed with prejudice as to the Florida Bar Defendants.

## ARGUMENT

### I. Plaintiffs' Claims Against the Florida Bar Defendants Are Barred By Absolute Immunity.

The Florida Bar is an official arm of the Florida Supreme Court for the regulation and discipline of attorneys, acting at all times under the supervision and control of that Court. *Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass'n*, 152 So. 2d 723, 726 (Fla. 1963); R. Regulating the Fla. Bar Ch. 1, Introduction; R. Regulating Fla. Bar 1-8.1, 2-3.1, 3-3.1 and 3-3.2. To this end, courts have consistently held that The Florida Bar, its employees, and its agents act as an official arm of the Florida Supreme Court and enjoy absolute immunity from suit in connection with their functions. *E.g., Zavadil v. Fla. Bar,* 197 So. 3d 596, 596-97 (Fla. 4th DCA 2016) ("the Bar has absolute immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the matters of the regulation of attorneys"); *Spano v. Hoffman*, 968 So. 2d 674, 674-75 (Fla. 4th DCA 2007) (employees of The Florida Bar acting according to their official duties in disciplinary matter were absolutely immune from suit); *Cole v. Owens,* 766 So. 2d 287, 288 (Fla. 4th DCA 2000) (authorized "agents" of the Bar have absolute immunity for their official actions); *Kee v. Baily,* 634 So. 2d 654 (Fla.

3d DCA 1994) ("The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties").*Mueller v. The Fla. Bar*, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980) (immunity for "the Bar and its agents" from malicious prosecution claims). "It is well settled that an attorney serves as an agent for his or her client." *Richard Bertram v. Sterling Bank,* 820 So. 2d 963, 965 (Fla. 4th DCA 2002).

Federal courts, including, recently, the Middle District of Florida, have also specifically and consistently found that The Florida Bar and its agents are entitled to absolute immunity. *See, e.g., Cichowski v. Totten,* No. 3:23-cv-1181-TJC-MCR, *3 (M.D. Fla. Jan. 18, 2024) ("The Florida Bar is…'entitled to absolute immunity'") (quoting *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993)); *Henry v. Harkness*, 701 F. App'x 878 (11th Cir. 2017); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993); *Tindall v. The Fla. Bar,* No. 97–387–CIV–T–17C, 1997 WL 689636 at *4 (M.D. Fla. Oct. 14, 1997), *aff'd,* 163 F.3d 1358 (11th Cir. 1998); *Solomon v. Sup. Ct. of Fla.*, No. 03-7002, 2003 WL 1873939 at *1 (D.C. Cir. Apr. 2, 2003); *Gainsburg v. The Florida Bar,* No. 23-cv-61877-ALTMAN/-Hunt (S.D.

Fla. June 13, 2024) ("The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity").

Plaintiffs should not be allowed to replead against the Florida Bar Defendants. Their allegations, over three complaints (ECF 1, 6, and 41), show they cannot make more pointed allegations that would survive muster. And leave to replead would effectively defeat the purpose of immunity, which has been held to be not merely a defense from liability, but immunity from harassing suits such as Plaintiffs':

> [Absolute immunity is] based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, should be as free as possible from fear that their actions in that position might have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action.

*Cassell v. India,* 964 So. 2d 190, 194 (Fla. 4th DCA 2007) (citing *Fridovich v. Fridovich,* 598 So. 2d 65, 68 (Fla. 1992) (quoting Restatement (Second) of Torts § 584 at 243)). Thus, when Bar employees and agents have absolute immunity, the complaint against them cannot be amended to state a cause of action. *Cole,* 766 So. 2d at 288.

The Florida Bar Defendants should not have to repeatedly assert immunity in the face of amended complaints. These allegations are precisely the types of claims absolutely prohibited by the doctrine of immunity. Therefore, Plaintiffs' Second Amended Complaint should be dismissed with prejudice as to the Florida Bar Defendants.

## II. THE COURT LACKS JURISDICTION TO REVIEW FLORIDA BAR DISCIPLINARY MATTERS.

The Second Amended Complaint is Plaintiffs' express attempt to have the Court oversee their Florida Bar disciplinary complaint proceedings. However, only the Florida Supreme Court or its delegee courts have authority to review the Florida Bar's disciplinary actions or inactions, and the Florida Supreme Court has not delegated disciplinary review to the federal courts.

The Florida Constitution provides in Article V, Section 15 that the Supreme Court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted. The effect of Article V, Section 15 is that state circuit courts "now have only such power as has been provided in [the Rules Regulating The Florida Bar]." *Pantori, Inc. v. Stephenson,*

384 So 2d. 1357, 1358 (Fla. 5th DCA 1980).

The Florida Supreme Court has delegated to state circuit courts and The Florida Bar concurrent jurisdiction to initiate and proceed at the evidentiary level with attorney disciplinary actions. Rule Regulating the Florida Bar 3-3.5 provides:

> The jurisdiction of the circuit courts shall be concurrent with that of The Florida Bar under these Rules of Discipline. The forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.

*Id.*

The Florida Supreme Court has not delegated such jurisdiction to the federal courts. Thus, the Court lacks jurisdiction to review such proceedings. Once disciplinary proceedings are completed, the authority to review such proceedings lies with the Florida Supreme Court. *See Cole,* 766 So. 2d at 288 (recognizing that the "The Florida Supreme Court has exclusive subject matter jurisdiction to review bar grievance proceedings"); R. Regulating Fla. Bar 3-7.7 (placing reviewing authority solely with the Florida Supreme Court).

Because the Court has no jurisdiction by which it could properly be dragged into such proceedings, the Second Amended Complaint must be dismissed.

## III. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST THE FLORIDA BAR DEFENDANTS.

The core of Plaintiffs' Second Amended Complaint as to the Florida Bar Defendants is their allegation that those Defendants violated Plaintiffs' constitutional rights by not pursuing, with Plaintiffs' desired vigor, investigations or disciplinary proceedings against the targets of Plaintiffs' ire. However, as discussed above, a lawyer cannot bring a claim against the Florida Bar (or its personnel or agents) for how they do their jobs. The Florida Bar Defendants owe no legal duty to Plaintiffs with respect to attorney discipline. The Florida Supreme Court has more than once noted that Bar disciplinary proceedings are not designed to vindicate the rights of private parties, and that a complainant does not have an independent right to force pursuit of attorney discipline. Rule Regulating the Florida Bar 3-7.4(i), for example, provides:

> Rights of the Complaining Witness. The complaining witness is not a party to the disciplinary proceeding…The complaining witness shall have no right to appeal.

And in *The Florida Bar v. Tyson*, 826 So. 2d 265 (Fla. 2002), the Court explained:

> "This Court routinely receives inquiries from individuals who are unhappy with the Bar's handling

> of their complaint against an attorney." Amendments to the Rules Regulating the Florida Bar, 763 So. 2d 1002, 1003 (Fla. 2000). The role of the complaining witness in a bar disciplinary proceeding, however, is somewhat analogous to that of the victim in a criminal proceeding and, like crime victims, complaining witnesses cannot demand that the prosecuting authority file criminal charges against a particular individual based on alleged criminal behavior....
>
> Disciplinary proceedings against attorneys are instituted in the public interest and to preserve the purity of the courts. No private rights except those of the accused attorney are involved.

*Tyson* at 267 (quoting *Application of Harper*, 84 So. 2d 700 (Fla. 1956)) (some citations omitted).

## IV. THE BAR IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

As noted in the recent Southern District of Florida case, *Gainsburg v. The Florida Bar,* 2024 WL 2976742, *3, No. 23-cv-61877-ALTMAN/-Hunt (S.D. Fla. June 13, 2024):

> The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity. *See Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016) ("Sovereign immunity bars [the Plaintiff's] claim because the Florida Supreme Court is a department of the State of Florida." (citing FLA. CONST. art. V, § 1)); *Nichols*, 815 F.3d at 732 ("[T]he Florida State bar is an arm of the state that enjoys Eleventh Amendment immunity." (cleaned up)); *see also Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155

(11th Cir. 1993) ("The Eleventh *and see* ("The Eleventh Circuit has long recognized that the Supreme Court of Florida and the Florida Bar are entitled to Eleventh Amendment immunity").

Consequently, the Complaint should be dismissed as to the Florida Bar.

## CONCLUSION

The Florida Bar Defendants respectfully request dismissal of the Second Amended Complaint (ECF 41) with prejudice as to them.

## LOCAL RULE 3.01(g) CERTIFICATION

The Florida Bar Defendants certify that through counsel they have conferred in good faith with Plaintiffs pursuant to Local Rule 3.01(g) regarding this Motion. The parties did not agree on resolution of all or part of the Motion.  The conference was conducted by email with both Plaintiffs, Ashley and William Merryman.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL  32301
Phone 850-222-6891

*s/John K. Londot*
JOHN K. LONDOT, ESQ.

Florida Bar No. 579521
LondotJ@gtlaw.com
HoffmannM@gtlaw.com
FLService@gtlaw.com
*Counsel for the Florida Bar Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 3, 2024, I caused service to be accomplished electronically on all parties of record using the CM/ECF system, including:

William and Ashley Merryman
1117 Buggy Whip Trail
Middleburg, FL 32068
merrymanfamilyfarm@gmail.com
904-859-9149

*s/John K. Londot*
JOHN K. LONDOT, ESQ.