UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MERRYMAN, et al.,

    Plaintiffs,

v.                                                  CASE NO. 3:24-cv-658-MMH-SJH

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on (i) Plaintiffs' Unopposed Motion to Dismiss Specified Defendants Without Prejudice ("Motion to Dismiss"), Doc. 59; and (ii) Plaintiffs' Unopposed Motion for Extension of Time ("Motion for Extension"), Doc. 60.[1]

---

[1] Though titled "Unopposed," the Motion to Dismiss represents that Plaintiffs "conferred, or attempted to confer, with counsel for the Defendants" and that all attorneys who responded did not oppose the requested relief but that two attorneys had yet to respond. Doc. 59 at 5. Similarly, though titled "Unopposed," the Motion for Extension represents that Plaintiffs "conferred, or attempted to confer, with counsel for the Defendants" and that all attorneys who responded did not oppose the requested relief "if their clients are dismissed" pursuant to the Motion to Dismiss but that two attorneys had yet to respond. Doc. 60 at 4. Parties "who merely 'attempt' to confer have not 'conferred.'" *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2018 WL 3327876, at *1 n.1 (M.D. Fla. July 6, 2018). Under Local Rule 3.01(g)(3), when an opposing party is unavailable for conferral before a motion's filing, then after filing: (i) the movant "must try diligently for three days to contact the opposing party"; and (ii) "[p]romptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion." It does not appear that Plaintiffs have properly conferred with all opposing parties, and the position of the parties with which Plaintiffs have conferred as to the Motion for Extension is not entirely clear. Nevertheless, upon consideration, the Court does not deem a response necessary to resolve either the Motion for Extension or the Motion to Dismiss. *See Hot Wheels Lux, LLC v. Morris*, No. 6:23-cv-394-PGB-DCI, 2024 WL 2273373, at *1 &

The Court previously struck Plaintiffs' Second Amended Complaint and directed Plaintiffs to file a Third Amended Complaint by January 15, 2025. Doc. 57. In the Motion for Extension, Plaintiffs request an extension of time up to and including February 14, 2025, to file their Third Amended Complaint. Doc. 60. In the Motion to Dismiss, Plaintiffs request to dismiss without prejudice certain specified Defendants. Doc. 59.

Upon review, the Motion for Extension is **granted**. Plaintiffs shall have up to and including **February 14, 2025**, to file a Third Amended Complaint.

The relief requested in the Motion to Dismiss is unnecessary given that Plaintiffs' Second Amended Complaint has been stricken and Plaintiffs are required to file a Third Amended Complaint, which will become the operative pleading. Plaintiffs' Third Amended Complaint shall name only those Defendant(s) against whom or which Plaintiffs assert claim(s) in this action. Accordingly, the Motion to Dismiss is **denied as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on January 16, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

---

n.1 (M.D. Fla. Apr. 10, 2024); *see also* Fed. R. Civ. P. 1. Future filings shall, however, fully comply with Local Rule 3.01(g).

cc: William Merryman
1117 Buggy Whip Trl
Middleburg, FL 32068

Ashley Merryman
1117 Buggy Whip Trl
Middleburg, FL 32068

Counsel of Record