UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MERRYMAN, et al.,

    Plaintiffs,

vs.                                                 Case No. 3:24-cv-658-MMH-SJH

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order (Doc. 81; Motion) filed on May 27, 2025. On February 13, 2025, Plaintiffs filed a Third Amended Complaint (Doc. 62) against Defendants St. Johns River Water Management District, Florida Department of Environmental Protection, Michael Register, Erin Preston, Justin Wolfe, and Shawn Hamilton. See Third Amended Complaint at 10. Plaintiffs then filed a Motion for Preliminary Injunction to Protect Health and Safety (Doc. 72; Motion for Preliminary Injunction) on April 30, 2025, requesting that the Court "immediately require Defendants to formally halt further operation and implement corrective measures regarding the Pine Ridge Stormwater Pond project." Motion for Preliminary Injunction at 1. Plaintiffs now move for a temporary restraining order, under Rule 65 of the Federal Rules

of Civil Procedure (Rule(s)), requesting similar relief sought in the Motion for Preliminary Injunction. See Motion at 3–4. Upon review, the Motion is due to be denied because Plaintiffs have failed to satisfy the requirements of Rule 65.[1]

Under Rule 65(b), the Court may only "issue a temporary restraining order without written or oral notice to the adverse party" if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. Pro. 65(b)(1)(A). Plaintiffs have failed to make this showing. First, Plaintiffs have not articulated why a temporary restraining order should be entered without notice when their Motion for Preliminary Injunction is currently pending, both motions seek similar relief, and Defendants have already filed responses to the Motion for Preliminary Injunction. See FDEP Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 77), filed on May 14, 2025; St. Johns River Water Management District Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 82), filed on May 27, 2025.

Second, Plaintiffs have failed to show that an intervening event has occurred which necessitates the entry of a temporary restraining order. To be

---

[1] Plaintiffs have also failed to satisfy Local Rule 6.01, Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), as the Motion does not contain "a proposed order," "a precise and verified explanation of the amount and form of the required security," or "a supporting legal memorandum[.]" See Local Rule 6.01.

sure, Plaintiffs state that since they filed the Motion for Preliminary Injunction there is a risk that the damage to their home <u>may</u> be further accelerated by the upcoming hurricane season. <u>See</u> Supplemental Declaration of William G. Merryman at 2–3 (Doc. 81-1), filed on May 27, 2025. But, this threat of future harm is far too remote to justify the entry of a temporary restraining order, especially when the Court is already considering the Motion for Preliminary Injunction on an expedited basis. <u>See</u> <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent") (quotation omitted). Thus, Plaintiffs have also failed to show that they will suffer "immediate and irreparable injury" in the absence of a temporary restraining order.

Accordingly, it is

**ORDERED:**

Plaintiffs' Emergency Motion for Temporary Restraining Order (Doc. 81) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of May, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Pro Se Parties
Counsel of Record