UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MERRYMAN and
ASHLEY MERRYMAN,

    Plaintiffs,

vs.                                                          Case No. 3:24-cv-658-MMH-SJH

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 72; Motion) filed on April 30, 2025. In the Motion, Plaintiffs seek a preliminary injunction, under Rule 65 of the Federal Rules of Civil Procedure (Rule(s)), "requiring Defendants to formally halt further operation and implement corrective measures regarding the Pine Ridge Stormwater Pond project." See Motion at 1 (alterations omitted). Defendants, the St. Johns River Water Management District and the Florida Department of Environmental Protection, filed responses in opposition to the Motion. See FDEP Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 77), filed May 14, 2025; St. Johns River Water Management District Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary

Injunction (Doc. 82), filed May 27, 2025. Plaintiffs then filed a reply. See Plaintiffs' Reply to Defendant FDEP's Opposition to Motion for Preliminary Injunction (Doc. 88), filed June 6, 2025; Plaintiffs' Reply to Defendant SJRWMD's Opposition to Motion for Preliminary Injunction (Doc. 89), filed June 6, 2025. Accordingly, this matter is ripe for review.

Relevant here, Plaintiffs initiated this action on July 1, 2024, alleging that Defendants failed to remedy the damage caused "to their property" by the Pine Ridge Stormwater Pond project. See Complaint at 5 (Doc. 1) (alteration omitted). Plaintiffs filed an Amended Complaint (Doc. 6) on July 22, 2024. Subsequently, on October 29, 2024, days shy of four months after filing the Complaint, Plaintiffs sought a preliminary injunction requiring Defendants "to take specific actions" to "prevent further harm to their property[.]" See Plaintiffs' Motion for Preliminary Injunction at 1 (Doc. 39). The Court struck the Amended Complaint as an impermissible shotgun pleading and denied Plaintiffs' request for injunctive relief without prejudice. See Order (Doc. 40; First Order), entered October 30, 2024. Pursuant to the First Order, Plaintiffs filed a Second Amended Complaint (Doc. 41) on November 18, 2024. The Court struck the Second Amended Complaint. See Clerk's Minutes (Doc. 57; Second Order), entered December 12, 2024. And, pursuant to the Second Order, Plaintiffs filed a Third Amended Complaint (Doc. 62) on February 13, 2025. Then, on April 30, 2025—ten months after the filing of this

action and two and a half months after the filing of the Third Amended Complaint—Plaintiffs again sought a preliminary injunction requiring Defendants to "implement corrective measures" to prevent "the Pine Ridge Stormwater Pond project" from causing further damage to their property. See Motion at 1. For the reasons explained below, the Motion is due to be denied.

Initially, "[a] delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016). This makes sense as "the very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits" and "a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." Id. (emphasis in original). Since the beginning of this case, Plaintiffs have been aware of the damage caused to their property by Defendants' alleged conduct. See Complaint at 5, 35, 40, 41. Despite this, Plaintiffs waited four months after filing the Complaint to seek a preliminary injunction and another two and a half months after the filing of the Third Amended Complaint to move anew for a preliminary injunction. Plaintiffs have failed to offer any explanation for this delay, and the Motion would be due to be denied on this basis alone. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of

irreparable injury would, standing alone, make preliminary injunctive relief improper")).

That said, even if Plaintiffs could articulate a justification for their delay, the record does not show that they will suffer irreparable harm in the absence of a preliminary injunction. Specifically, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990). As such, the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Id. (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)). Here, Plaintiffs have not explained why their alleged injury (the damage to their property) cannot be redressed in the ordinary course of litigation. See Nat. Res. Def. Council, Inc. v. United States Army Corps of Eng'rs, No. 00-33-CIV, 2001 WL 37162804, at *2 (S.D. Fla. Nov. 6, 2001) (explaining that "[a]ny property damage can be remedied with money, indicating an absence of an irreparable injury")).[1] Thus,

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Plaintiffs have also failed to show that they will suffer irreparable harm in the absence of a preliminary injunction.[2]

Accordingly, it is

**ORDERED:**

1. Plaintiffs' Motion for Preliminary Injunction (Doc. 72) is **DENIED**.

2. Plaintiffs' Motion for Expedited Ruling on Motion for Preliminary Injunction (Doc. 76) is **DENIED as moot**.

3. Plaintiffs' Motion for Hearing (Doc. 90) is **DENIED as moot**.

4. Defendants' Motion to Strike Plaintiffs' Motion for Hearing (Doc. 93) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[2] To the extent Plaintiffs contend the "infiltration of a live snake . . . into [their] child's bedroom" poses a threat to their health and safety, the possibility that this alleged harm will occur again is far too speculative to justify injunctive relief. See Motion at 6; Siegel, 234 F.3d at 1176 ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent.") (quotation omitted)).

Lc32

Copies to:
Pro Se Party
Counsel of Record